IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER MITCHELL, | : | |
| Plaintiff, | : | |
| | : | Case No. 2:18-CV-137 |
| v. | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| BMI FEDERAL CREDIT UNION, | : | |
| | : | Magistrate Judge Vascura |
| Defendant. | : | |
| | : | |

**OPINION & ORDER**

This matter comes before the Court on Defendant BMI Federal Credit Union's Motions to Dismiss. (ECF Nos. 5, 14). Plaintiff Walter Mitchell filed his Complaint on February 20, 2018, and Defendant BMI Federal Credit Union filed its first Motion to Dismiss (ECF No. 5). Mr. Mitchell then filed an Amended Complaint on May 29, 2018 (ECF No. 12), which BMI again moved to dismiss (ECF No. 14). Plaintiff Walter Mitchell filed a Response in Opposition to BMI's second Motion to Dismiss (ECF No. 17), and BMI Federal Credit Union Replied. (ECF No. 20). The Credit Union League and the Credit Union National Association filed a brief as amici curiae in support of BMI's Motions to Dismiss (ECF Nos. 8, 15). Mr. Mitchell and BMI each submitted three notices of supplemental authorities, and Mr. Mitchell submitted two Responses to BMI Federal Credit Union's Notices of Supplemental Authority. For the following reasons, BMI Federal Credit Union's first Motion to Dismiss is **DENIED as MOOT** and BMI's second Motion to Dismiss is **GRANTED.**

I. BACKGROUND

Plaintiff Walter Mitchell is a blind resident of Ohio. He uses a screen reader to access

1

websites. Mr. Mitchell alleges that he has attempted to access BMI Federal Credit Union's website but that the website is not properly accessible to blind individuals. (ECF No. 12 at ¶16). Mr. Mitchell has sued BMI under Title III of the Americans with Disabilities Act (ADA), alleging that BMI is denying blind and visually impaired individuals equal access to BMI's website.

Defendant BMI is a credit union that limits membership to individuals "who live, work, worship, or attend school in Franklin, Pickaway, Fairfield, Licking, Delaware, Morrow, Union, or Madison counties; . . . immediate family members of a current BMI member; and . . . anyone sharing household expenses of a current BMI member." (ECF No. 14 at 3). Mr. Mitchell is not a member of BMI, and BMI alleges that he cannot become a member of BMI. Mr. Mitchell alleges that he is eligible for membership in BMI because he publishes the National Foundation for the Blind Newsletter which has subscribers in BMI's membership-eligible counties. Mr. Mitchell also travels to these counties to interact with his subscribers. (ECF No. 12 at ¶4).

In addition to his newsletter, Mr. Mitchell is connected to BMI through his membership in Kemba Credit Union. Kemba and BMI are both members of the Co-Op Shared Branch network. When credit unions belong to the co-op, the members of the credit union may also access branches and ATMs of other co-op member credit unions. (ECF No. 12 at ¶7; No. 14 at 11). Mr. Mitchell argues that he is a "tester" maintaining several similar suits against credit unions in the state of Ohio. (ECF No. 17 at 8).

Mr. Mitchell alleges that he visited BMI's website several times. (ECF No. 12 at ¶18). He alleges the following deficiencies in BMI's website: "(1) [e]mpty or missing form labels . . . ; (2) [e]mpty links that contain no text causing the function or purpose of the link to not be

2

presented to the user . . . ; (3) [r]edundant [l]inks where adjacent links go to the same URL address . . . ; and (4) [m]issing alternative text." (ECF No. 12 at ¶16). Mr. Mitchell alleges that these deficiencies "denied [him] full and equal access, and deterred [him] on a regular basis from accessing Defendant's website." (ECF No. 12 at ¶18). Mr. Mitchell also alleges that because of the issues with BMI's website, he "was deterred from visiting Defendant's physical locations that [he] would have located and visited by using bmifcu.org." (Id. at ¶18). Mr. Mitchell has asked for injunctive relief requiring BMI to make its website equally accessible for blind and visually impaired individuals and for attorney fees and expenses, litigation costs, and any other relief this Court might find appropriate. BMI moved to dismiss Mr. Mitchell's suit under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II. STANDARD OF REVIEW

Before a court may determine whether a plaintiff has failed to state a claim upon which relief may be granted, it must first decide whether it has subject matter jurisdiction. *City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The standard of review of a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on whether the defendant makes a facial or factual challenge to subject matter jurisdiction. *Wayside Church v. Van Buren County*, 847 F.3d 812, 816–17 (6th Cir. 2017). A facial attack "questions merely the sufficiency of the pleading." *Gentek Bldg Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)), and requires the

district court to "take[] the allegations in the complaint as true," *id.* But a factual attack "raises a factual controversy requiring the district court 'to weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Wayside Church*, 847 F.3d at 817 (quoting *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330). The plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). The court may allow "affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). When evaluating a motion to dismiss under Rule 12(b)(6), "[a]ll factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). But the court "need not . . . accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Complaints must state "more than a bare assertion of legal conclusions to survive a motion to dismiss." *Horn v. Husqvarna Consumer Outdoor Products N.A., Inc.*, No. 12-CV-567, 2013 WL 693119, at *1 (S.D. Ohio Feb. 26, 2013) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

4

(2007).

## III.     ANALYSIS

BMI has argued that Mr. Mitchell does not have standing to bring his claim because he is not eligible to join BMI, and because his claim is moot.   Alternatively, BMI argues that Mr. Mitchell has failed to state a claim upon which relief can be granted.   BMI relies on *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1010-11 (6th Cir. 1997) and *Stoutenborough v. Nat'l Football League, Inc.*, 59 F.3d 580 (6th Cir. 1995), for the proposition that Title III of the ADA only applies to public accommodations that have a physical location, and, therefore, that the ADA does not apply to websites.

The issue of whether Title III of the ADA applies to websites is not new to the federal courts.   Indeed, some courts have faced the exact issue of whether Mr. Mitchell can bring a claim under Title III of the ADA against a credit union to which he does not belong for the accessibility of the credit union's website.   *See, e.g.*, *Mitchell v. Toledo Metro Credit Union*, No. 3:18CV784, 2018 U.S. Dist. LEXIS 184800 (N.D. Ohio Oct. 29, 2018).   Courts even within the Sixth Circuit, however, have reached varying results on these same issues.   The Northern District of Ohio dismissed three other lawsuits that Mr. Mitchell brought against credit unions for lack of standing.   *See Mitchell v. Dover-Phila Fed. Credit Union*, No. 5:18CV102, 2018 U.S. Dist. LEXIS 105798, 2018 WL 3109591 (N.D. Ohio June 25, 2018); *Mitchell v. Toledo Metro Credit Union*, 3:18CV784, 2018 U.S. Dist. LEXIS 184800 (N.D. Ohio Oct. 29, 2018); *Mitchell v. Buckeye State Credit Union*, No. 5:18-CV-875, 2019 U.S. Dist. LEXIS 34979 (N.D. Ohio Mar. 5, 2019).   The Eastern District of Michigan, however, allowed two suits almost identical to Mitchell's to go forward in the face of the same arguments that BMI makes in this

case. *See Brintley v. Aeroquip Credit Union*, 321 F.Supp.3d 785 (E.D. Mich. 2018); *Brintley v. Belle River Community Credit Union*, No. 17-13915, 2018 WL 3497142 (E.D. Mich. July 20, 2018).

**A. Standing**

BMI argues that Mr. Mitchell does not have standing to bring the claim because he is not, and cannot become, a member of BMI. (ECF No. 14 at 9). BMI additionally argues that Mr. Mitchell's right to access credit unions, including BMI, through his membership in Kemba Credit Union does not give him standing because he is only allowed to access branches, not online banking services. (*Id.* at 11–12). Lastly, BMI argues that Mr. Mitchell cannot show future harm because its website is currently accessible. (*Id.* at 12–13).

Standing is an Article III principle: without standing, a federal court cannot exercise jurisdiction because there is no case or controversy. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); U.S. Const. art. III, § 2. Standing requires three elements: (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," *Lujan*, 504 U.S. at 560 (internal citations omitted), (2) "a causal connection between the injury and the conduct complained of," *id.* at 560–61 (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41–42 (1976)), and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (quoting *Simon*, 426 U.S. at 38, 43). Additionally, "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. At the motion to dismiss stage "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presume that general allegations

embrace those specific facts that are necessary to support the claim.'" *Lujan*, 504 U.S. at 561 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)). When "a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).

Mr. Mitchell requests injunctive relief. When a party requests injunctive relief, standing depends on whether the plaintiff is likely to be injured by the same allegedly offending conduct in the future. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Although BMI argued that Mr. Mitchell's lack of future harm was a question of mootness because BMI's website is accessible, this Court may *sua sponte* address issues of standing because standing goes to the court's subject matter jurisdiction. *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007). It is here that Mr. Mitchell's complaint falters. This Court does not doubt that Mr. Mitchell's past injury constitutes injury in fact. *See, e.g.*, *Brintley v. Belle River Community Credit Union*, No. 17-13915, 2018 WL 3497142 (E.D. Mich. July 20, 2018). But the critical distinction between Mr. Mitchell's case and *Brintley* is that Mr. Mitchell has asked only for injunctive relief, rather than damages.

Mr. Mitchell argues that his complaint *does* allege the possibility of future harm, but his allegations fall short of those constitutionally required to show standing. Mr. Mitchell alleges that "[i]f bmifcu.org had been accessible, Plaintiff would have independently and privately investigated Defendant's services, privileges, advantages, and accommodations and amenities, and found the location to visit via Defendant's website as sighted individuals can and do." (ECF No. 12 at ¶17). This allegation merely elaborates on the past harm that Mr. Mitchell experienced. That a plaintiff would have been able to do something differently had he not

7

experienced discrimination only shows the injury of past discrimination, not the possibility of future harm.

Similarly, Mr. Mitchell alleges that he has attempted to use bmifcu.org several times "in recent months," that the website's accessibility barriers "deterred Plaintiff on a regular basis from accessing Defendant's website," and that the website issues in turn "deterred [him] from visiting Defendant's physical locations."  (ECF No. 12 at P18).  This too falls short of the requirement to allege future harm.  Deterrence may indeed be a sufficient injury, *see, e.g.*, *Betancourt v. Ingram Park Mall, L.P.*, 735 F.Supp.2d 587, 606 (W.D. Tex. 2010), but the plaintiff in *Betancourt* "allege[d] that she travels to San Antonio frequently to visit family, and that she will do so in the future."  *Id.* at 605.  She also "allege[d] that when she returns to San Antonio, she will visit the Mall as a patron and to determine whether it has been made ADA compliant."  *Id.* at 605–06.  Mr. Mitchell has made no such similar allegations of intent to visit the website in the future, and this Court cannot assume present or future deterrence based on past deterrent effects.  The allegations elsewhere in Mr. Mitchell's complaint suffer from the same defects.

Mr. Mitchell therefore lacks standing to bring this suit.  BMI's Motion to Dismiss is **GRANTED.**  BMI also filed a Motion to Dismiss Mr. Mitchell's first complaint.  When Mr. Mitchell filed the First Amended Complaint, the "amended complaint replace[d] the original." *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 702 (1982) (White, J., concurring in part and dissenting in part on other grounds, joined by Powell, Rehnquist, & O'Connor, JJ). Therefore, BMI's first Motion to Dismiss (ECF No. 5) is **DENIED as MOOT.**

## IV. CONCLUSION

For the foregoing reasons, BMI's first Motion to Dismiss (ECF No. 5) is **DENIED as MOOT.** BMI's second Motion to Dismiss (ECF No. 14) is **GRANTED.**

**IT IS SO ORDERED**.

                                                   s/Algenon L. Marbley
                                               **ALGENON L. MARBLEY**
                                               **United States District Court Judge**

**DATED: March 18, 2019**